**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BYRON MYLES, #29272-009                          CIVIL ACTION

VERSUS                                           NO. 26-1112

FCI OAKDALE, RIVERSIDE HOSPITAL, ET AL.          SECTION "M"(5)

### REPORT AND RECOMMENDATION

Plaintiff, Byron Myles, is an inmate currently housed at the Seagoville Federal Correctional Institution in Seagoville, Texas.    His federal civil rights complaint raises claims under the Federal Tort Claims Act (FTCA) and *Bivens*[1] allegedly stemming from events that occurred from January through March of 2025, during the time he was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana, and receiving medical treatment at Riverside Hospital in Alexandria, Louisiana.    With his complaint, he has filed a motion for leave to proceed *in forma pauperis*.[2]    He alleges that while incarcerated at FCI Oakdale, defendants violated his constitutional rights.    He requests monetary compensation. (Rec. Doc. 3, Complaint).

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at Title 28 U.S.C. § 1391(b).    *See Jones*

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Supreme Court has described *Bivens* as a "more limited federal analog" to the cause of action created for constitutional violations by state officials in 42 U.S.C. § 1983. *See Hernandez v. Mesa*, 589 U.S. 93, 109 (2020) (quotations omitted) (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006)).

[2] The motion to proceed as a pauper is deferred to the United States District Court for the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

*v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

With respect to claims under the FTCA, they must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

At all relevant times, plaintiff was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana, in Allen Parish, and receiving treatment at Riverside Hospital in Alexandria, Louisiana, in Rapides Parish, which are both located within the boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). None of the named defendants are located within the boundaries of the United States District Court for the Eastern District of Louisiana. No events giving rise to his claims occurred here. Accordingly, venue is not proper in this district.

If venue does not lie within a judicial district, the Court "shall dismiss, or if it be in the interest of justice, transfer" the case to the proper district. 28 U.S.C. § 1406(a); *see Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962). Here, the Court finds that transfer of the proceedings to the appropriate district, rather than dismissal, would promote efficient and fair adjudication and serve the

interests of justice.

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the Western District of Louisiana.

The pending motion to proceed as a pauper (Rec. Doc. 4) is **DEFERRED** to the transferee court for consideration.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this __22nd__ day of June, 2026.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections.    Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.